LMH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Lee Scates, | No. CV 05-2393-PHX-DGC (BPV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, | |
| Defendants. | |

This is a civil rights action brought by a county jail inmate. Defendant has moved to dismiss for lack of exhasution. The Court will dismiss the action without prejudice for Plaintiff's failure to keep the Court notified of his current address and deny Defendant's motion as moot.

**1.     Procedural History**

Soon after filing his Complaint, Plaintiff served a notice of change of address to a different jail (dkt. #3) and a few months later, a notice that he had been moved to yet another jail (dkt. #4). The Court screened Plaintiff's Complaint and ordered Defendant Joseph Arpaio, the Maricopa County Sheriff, to answer Plaintiff's claims regarding overcrowding, unsanitary conditions, and nutritionally-inadequate food. See Dkt. #5.

Defendant then moved to dismiss the action because Plaintiff failed to exhaust available administrative remedies on any of his claims (dkt. #8). The Court issued the

customary warning (dkt. #9) regarding Plaintiff's obligations in responding to the motion. This order was returned in the mail on March 27, 2006, as undeliverable (dkt. #10).

The Court then entered an order withdrawing the reference to the magistrate judge on the motion to dismiss (dkt. #11).  This order, too, was returned as undeliverable (dkt. #20).

Plaintiff has not filed a change of address since December 2005.

**2.     Analysis**

Rule 83.3(d) of the Local Rules of Civil Procedure requires Plaintiff to file a notice of a change of address 10 days before the move is effective.  Also, Plaintiff was informed in the instructions accompanying the form complaint that he must immediately inform the Clerk of Court of a change of address or face possible dismissal.  He was again informed of this requirement and possible dismissal in the notice of assignment.  Plaintiff knew about this requirement, as he informed the Court on two different occasions of his change of address (dkt. #3, #4).

More than six months have elapsed since his last change of address notice filed on December 5 2005, and now two recent Orders have been returned as undeliverable.  "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (*per curiam*). If the Court were to show cause Plaintiff why dismissal were not warranted, the Order "would only find itself taking a round trip tour through the United States mail." Id. The Court is also not required to hold the matter in abeyance in hopes that an address change will be forthcoming.  "It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not." Carey, 856 F.2d at 1441.

Before dismissal for lack of prosecution, the court must weigh (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Carey, 856 F.2d at 1440 (quoting

Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). If the court does not consider these factors, the record may be reviewed independently on appeal for abuse of discretion. Henderson, 779 F.2d at 1424.

These factors do not favor Plaintiff. The interests in judicial economy reflected in the first two factors have significant weight favoring dismissal of the action. As noted in the Court's screening Order (dkt. #5 at 1 n.1), this action is one of more than one thousand nearly identical actions filed by county jail inmates. On the third factor, there is no risk of prejudice to Defendant by dismissal, which he already sought in his motion. The fourth factor of favoring disposition of cases on their merits weighs in favor of Plaintiff but only slightly so because Plaintiff has apparently lost interest in prosecuting his action by failing to submit his address change. For the fifth factor, there no less drastic sanction than dismissal *without prejudice,* as the Court could alternately rule on the merits of the unrebutted motion for dismissal, and Plaintiff cannot be contacted under these circumstances. Thus, the five-factor analysis weighs in favor of dismissal. Because Plaintiff has failed to prosecute this action, the Court will dismiss his action without prejudice.

**IT IS ORDERED** that the Complaint and this action are **dismissed** without prejudice. The Clerk of Court is directed to enter judgment accordingly. Defendant's motion to dismiss (dkt. #8) is **denied** as moot.

DATED this 12th day of June, 2006.

_____
David G. Campbell
United States District Judge